MISSISSIPPI STATE HIGHWAY COMMISSION *v.* LUTER

No. 40047　　　　March 19, 1956　　　　86 So. 2d 5

*Dunn & Singley,* Meridian, for appellant.

*Gipson, Gipson & Wiley,* Meridian, for appellee.

LEE, J.

This is an eminent domain proceeding, instituted by the Mississippi State Highway Commission in the County Court of Lauderdale County, to condemn certain lands of C. E. Luter for the purpose of relocating and reconstructing U. S. Highway 45 and Mississippi State Highway 19 in the City of Meridian.

After the jury was empanelled, the entire court, together with the parties and their attorneys, repaired to the property for the purpose of viewing it. The engineer pointed out the whole property and the part to be taken. The jury walked over the land, had the opportunity to examine the improvements thereon, and to observe the use of the adjacent property.

Luter owned an irregular seven-sided tract of land, slightly in excess of 3 acres, situated in the City of Meridian. It fronted 200 feet on the north side of Old U. S. Highway 80, the main branch of that highway through the City. The Highway Commission proposed to condemn and take a strip approximately 177 feet east

and west by approximately 448 feet north and south, being 1.8 acres more or less. After the taking, there will remain approximately 1.3 acres, with only 23 feet of frontage on the highway. However Luter does have another outlet over Railroad Street to the south of his property. Over the tracks of the G. M. & O. Railroad and the Southern Railway, located just north of the Luter tract, it was proposed to build an overhead bridge. On the condemned land is to be constructed, as an approach to the bridge, a massive fill with a base of 80 feet, elevated to a height of 28 feet at the north and sloping gradually in its southward course.

Luter operates a used and junk car business on the property not taken. He has 3 large gasoline tanks thereon; and he leases a part of his warehouse as a motor freight depot. This is commercial property. To the east is situated the building of Transport and Equipment Company, where a number of people work. Across Highway 80 are two other business establishments.

On the issue of the difference between the fair market value before and after the taking, the petitioner offered 5 witnesses who qualified as to familiarity with land values generally, and who gave their opinions as to the value of this property. These opinions, as to the fair market value before taking, ranged from a high of $47,-000.00 to a low of $33,600.00; and their values, after the taking, from a high of $35,500.00 to a low of $25,000.00. Thus the damage, by reason of the taking, in their opinion, ranged from a maximum of $11,500.00 to a minimum of $7,200.00.

The defendant offered 4 witnesses, who likewise qualified as to familiarity with land values generally, and who gave their opinions as to such values of this property. As to the fair market value of the whole property before the taking, their opinions ranged from a high of $90,000.00 to a low of between $45,000.00 and $50,000.00; and such value, after the taking, from a high of $35,000.00

to $40,000.00 to a low of $20,000.00 to $22,000.00. The highest estimate of damage was $60,000.00 and the lowest was $27,500.00.

W. Frank McDonald, a witness for the defendant, who had testified on direct that, in his opinion, the value before the taking was between $45,000.00 and $50,000.00, and after the taking, including the improvements, was between $20,000.00 and $22,000.00, was asked on cross-examination, "What figure did you use in appraising the improvements", and he replied, "Around five thousand dollars."

The jury returned a verdict for $31,250.00.

On appeal to the circuit court, the presiding judge, a resident of the City of Meridian, required a remittitur of $10,000.00 on pain of reversal and remand to the docket for a trial de novo. Luter entered such remittitur; and the judgment was affirmed by that court for $21,250.00. The Highway Commission appealed.

The appellant contends here that the judgment is still grossly excessive; and that this Court should further reduce the amount. It maintains that its witnesses were more disinterested and showed greater knowledge of the subject matter. It complains that it should have been permitted to cross-examine the witness McDonald, who is tax assessor of Lauderdale County, and thereby in effect show that he assessed this property at a much lower value than that for which he appraised it in his evidence.

██ ■ Wide latitude must be allowed in cross-examination, and the inquiry was proper. But under Section 9769, Code 1942, it is contemplated that each owner of land shall deliver to the tax assessor a list of his lands, together with the value thereof. If he fails to do this, then the assessor assesses the land "at a valuation equal to the assessment of other like lands similarly situated". It is a matter of common knowledge that assessments of

real property, as a general rule, are much lower than the actual value of such property. Consequently the cross-examination along the line proposed could have had very little, if any, effect to discredit the evidence of this witness. Obviously the error was harmless.

■■ ■ All of the witnesses were men of wide experience in land values. The record does not reflect bias or partisanship. On the contrary, the differences in their estimates appear to have been honest ones. Juries are empanelled to resolve such differences.

In City of Jackson v. Landrum, 217 Miss. 10, 63 So. 2d 391, for a lot 40.35 feet by 160.5 feet in downtown Jackson, Mississippi, the jury awarded $22,000.00. The evidence was conflicting, but the jury went upon the premises and viewed and inspected the property and the surrounding conditions, just as the jury did in the case now before the Court. This Court adhered to its rule, as stated in Mississippi State Highway Commission v. Williamson, 181 Miss. 399, 179 So. 736, and declined to reduce the amount of the award for the reason that it could not say that the verdict was so excessive as to have been brought about by passion or prejudice, or that it was "so excessive as to be shocking to the enlightened conscience."

While the verdict was very large, the circuit court reduced that amount to $21,250.00. Keeping in mind the foregoing rule, we find no solid basis on which to require a further reduction in the amount of this award.

It therefore follows that the judgment must be affirmed.

Affirmed.

*Roberds, P.J.,* and *Hall, Kyle,* and *Holmes, JJ.,* concur.